FILED

SEP - 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT
21618 Slidell Road
Boyds, Maryland 20841

    Plaintiff,

vs.

BREAD & CHOCOLATE, INC.
d/b/a BREAD & CHOCOLATE
5542 Connecticut Avenue, NW
Washington, DC 20015

    Defendant.

_____/

CASE NUMBER   1:05CV01794

JUDGE: Paul L. Friedman

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 09/9/2005

## COMPLAINT

Plaintiff, RUSSELL HOLT ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues BREAD AND CHOCOLATE, INC. a foreign business corporation d/b/a BREAD AND CHOCOLATE, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the District of Columbia.

Case 1:05-cv-01794-PLF   Document 1   Filed 09/09/2005   Page 2 of 5

3.  Plaintiff, RUSSELL HOLT (hereinafter referred to as "MR. HOLT") is a resident of the State of Maryland and is a qualified individual with a disability under the ADA. MR. HOLT suffers from a spinal cord injury that constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations in that he requires the use of a wheelchair for mobility. Prior to instituting the instant action, MR. HOLT personally visited the Defendant's premises, BREAD AND CHOCOLATE located at 5542 Connecticut Avenue, NW, Washington, DC (hereinafter referred to as the "CAFE"), and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. MR. HOLT intends to and continues to desire to visit the Defendant's premises in the future but continues to be denied full, safe and equal access due to the violations, which continue to exist.

4.  The Defendant, BREAD & CHOCOLATE, INC. (hereinafter referred to as "BREAD AND CHOCOLATE"), is authorized to conduct and is conducting business in the District of Columbia. Upon information and belief, BREAD & CHOCOLATE is the owner and/or operator of the CAFE.

5.  All events giving rise to this lawsuit occurred in the District of Columbia.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6.  The Plaintiff re-alleges and re-avers paragraphs one through five.

7.  On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8.  Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by BREAD & CHOCOLATE is a place of public accommodation in that it is a CAFE, which provides goods and services to the public.

9.  Defendant, BREAD & CHOCOLATE has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the CAFE in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the goods and services offered at the CAFE. Prior to the filing of this lawsuit, the Plaintiff visited the CAFE and was denied access to the benefits, accommodations and services of the Defendant's services and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire to visit and intends to visit the CAFE in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers, which remain at the CAFE in violation of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. BREAD & CHOCOLATE is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations in the common areas of the facility:

   i.   There is no level landing provided outside the "accessible" entrance the Café;
   ii.  The threshold at the "accessible" entrance door is too high:
   iii. There are no accessible seating positions provided inside the Café;
   iv.  There are no accessible seating positions provided in the outside seating area.

13. Upon information and belief, there are other current violations of the ADA at the CAFE and only once a full inspection is performed by Plaintiff or Plaintiff's representative can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, BREAD & CHOCOLATE was required to make its property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, BREAD & CHOCOLATE has failed to comply with this mandate.

16. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by BREAD & CHOCOLATE pursuant to 42 U.S.C. § 12205.

17. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against BREAD & CHOCOLATE and requests the following injunctive and declaratory relief:

  A. That the Court declare that the property owned and administered by BREAD & CHOCOLATE is violative of the ADA;

  B. That the Court enter an Order directing BREAD & CHOCOLATE to alter its facilities to make them accessible to

and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing BREAD & CHOCOLATE to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 8th of September 2005.

Respectfully submitted,

By: /s/ Joel R. Zuckerman
Joel Zuckerman, Esquire
Federal Bar No. 480152
Schwartz Zweben & Slingbaum, LLP
51 Monroe, Suite 812
Rockville, MD 20850
Telephone:   (301) 294-6868
Facsimile:    (301) 294-6480
*Attorney for Plaintiff*