UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

RUSEELL HOLT
21618 Slidell Road
Boyds, MD 20841,
    Plaintiff

    -vs.-                                                                  Case No: 1-05-CV 01794 (PLF)

BREAD & CHOCOLATE, INC.
d/b/a BREAD & CHOCOLATE
5542 Connecticut Avenue, NW
Washington, DC 20015,
    Defendant

-------------------------------------------------------X

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BREAD & CHOCOLATE, INC., by its counsel, THOMAS P. HARTNETT, as and for its Answer and Affirmative Defenses to Plaintiff RUSSELL HOLT's Complaint respectfully alleges upon information and belief as follows:

1.    Defendant admits the factual allegations of Paragraph 1 of Plaintiff's Complaint; in so far as any other allegations are conclusions of law, no response is required.

2.    Defendant admits the allegation of Paragraph 2 of Plaintiff's Complaint that venue is proper to this Court, as the Defendant has a place of business in the District of Columbia.

3.    Defendant has no information to admit or deny the allegations as set forth in the first sentence of Paragraph 3 of Plaintiff's Complaint. Additionally, as this sentence also pleads legal conclusions, no response to such allegations is required. Defendant has no information to admit or deny the allegations as set forth in the second sentence of Paragraph 3 of Plaintiff's Complaint. Additionally as this sentence also pleads legal conclusions, no response to such allegations is required. Defendant has no information or belief to admit or deny the allegations of the first half of the third sentence of Paragraph 3 of Plaintiff's Complaint and denies each and every factual allegation of the remaining part of the fourth sentence of this Paragraph. Defendant has no information to admit or deny the allegations as set forth in the fifth sentence of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant has no information or belief to admit or deny the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendant repeats, reiterates and realleges each and every allegation of Paragraphs 1 through 5 of its Answer with the same force and effect as heretofore stated.

7. Defendant offers no response to the allegations as set forth in Paragraph 7 of Plaintiff's Complaint, as such are conclusions of law to which no response is required.

8. Defendant offers no response to the allegations as set forth in Paragraph 8 of Plaintiff's Complaint, as such are conclusions of law to which no response is required.

9. Defendant offers no response to the allegations as set forth in Paragraph 9 of Plaintiff's Complaint, as such are conclusions of law to which no response is required. Notwithstanding this fact, Defendant denies any factual allegations, as may be set forth therein.

10. Defendant has no information or belief to admit or deny the allegations of the first sentence of Paragraph 10 of Plaintiff's Complaint. Notwithstanding this fact, Defendant denies each and every factual allegation, as may be set forth therein. Defendant has no information or belief to admit or deny the allegations of the first half of the second sentence of this Paragraph and affirmatively denies each and every allegation as set forth in the balance of that sentence. Defendant has no information or belief to admit or deny the allegations of the first half of the third sentence of this Paragraph but affirmatively denies each and every allegation as set forth in the balance of that sentence.

11. Defendant offers no response to the allegations of Paragraph 11 of Plaintiff's Complaint, as such are legal conclusions to which no response is required.

12. Defendant denies each and every allegation of Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies each and every allegation of Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof

14. Defendant denies any factual allegations as set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies any factual allegations as set forth in Paragraph 15 of Plaintiff's Complaint since the premises is not a new construction nor has there been any restoration done to the premises within the time frame as established by the Americans with Disabilities Act.

16. Defendant has no information or belief to admit or deny the allegations of Paragraph 16 of Plaintiff's Complaint. However, Defendant affirmatively avers that if Plaintiff had contacted Defendant and alleged that there were problems, Defendant would have investigated and would have made any and all repairs, as might be required. Instead of proceeding in this fashion, Plaintiff, without any forewarning or demand to Defendant, instituted the instant action, thereby creating his own attorneys fees, costs and expenses. By reason thereof, Plaintiff, and not Defendant, should be responsible for any and all attorneys fees.

17. Defendant has no response to Paragraph 17 of Plaintiff's Complaint, as the allegations set forth therein are conclusions of law to which no response is required.

### AFFIRMATIVE DEFENSES

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Plaintiff has failed to plead a claim for relief.

#### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Defendant's premises are in conformity to the regulations, established in connection with the interpretation and enforcement of the Americans with Disabilities Act.

#### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. There has been no restoration to the premises such as would trigger adherence to the regulations established in connection with interpretation and enforcement of the Americans with Disabilities Act.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Any requirement to repair the public sidewalk and walkway in front of Defendant's premises and/or to bring said public sidewalk and walkway in front of Defendant's premises into conformity with the Americans with Disabilities Act is that of the District of Columbia, to whom notice of this suit has been given.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. As Plaintiff commenced this action without even giving any notice or warning to Defendant about any alleged violations of the Americans with Disabilities Act, such failure to give notice or warning, coupled with the commencement of litigation should bar Plaintiff from being awarded attorneys fees, costs and disbursements.

WHEREFORE, Defendant, BREAD & CHOCOLATE, INC., prays for an order dismissing Plaintiff's Complaint as well as an award of costs, disbursements and reasonable attorneys fees.

Dated: Washington, DC  
       December 16, 2005             _____  
                                                  THOMAS P. HARTNETT  
                                                  Counsel for Defendant  
                                                  BREAD & CHOCOLATE, INC.  
                                                  1310 Pennsylvania Avenue, SE  
                                                  Washington, DC 20003  
                                                  T: (202) 966-0066  
                                                  F: (202) 207-1030  
                                                  Unified Bar Number: 423132

### CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and accurate copy of Defendant's Answer and Affirmative Defenses were served this 16th day of December, 2005 upon counsel for the Plaintiff by first class mail.

_____.  
Thomas P. HARTNETT